IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE A. SINGLETON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALIFORNIA DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 10-3986 LHK (PR) <br><br> ORDER DENYING MOTION <br> FOR RECONSIDERATION |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages against state officials. On December 17, 2010, the Court screened the complaint. In it, Plaintiff claimed his parole agent submitted false evidence against him during his parole revocation hearing. However, a further review of the complaint revealed that Plaintiff waived his right to a revocation hearing, unconditionally gave up his rights to contest the charges, and agreed to an in-custody drug treatment program. Because there was no indication that Plaintiff's parole revocation decision had been invalidated, the Court concluded that this action was barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and dismissed the complaint without prejudice. On December 30, 2010, Plaintiff filed objections to the judgment and dismissal, which the Court construes as a motion for reconsideration.

Motions for reconsideration should not be frequently made or freely granted; they are not

a substitute for appeal or a means of attacking some perceived error of the court.  *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).  Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court cannot comprehend Plaintiff's objections.  Liberally construed, it does not appear that Plaintiff objects to the Court's reasons for the dismissal without prejudice.  Plaintiff also does not argue that he should receive reconsideration based on any of the above factors.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: 2/17/11

_____
LUCY H. KOH
United States District Judge